IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE L. SANDERS, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-0881 |
| | § | |
| HANSFORD T. JOHNSON, Acting | § | |
| Secretary, Dept. of the Navy, | § | |
|    Defendant. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff Joe L. Sanders filed this lawsuit alleging that his employment with Defendant was terminated on the basis of race and age discrimination and in retaliation for protected activity under Title VII.[1]  The case is now before the Court on Defendant's Motion for Summary Judgment ("Motion") [Doc. # 23], to which Plaintiff filed a Response [Doc. # 26].  The Court has considered the parties' submissions, all matters of record, and the applicable legal authorities.  Based on this review and the presence of genuine issues of material fact, the Court concludes that Defendant's Motion should be **denied.**

---

[1]    In his Response, Plaintiff presents arguments relating to a hostile work environment claim. Although the evidence Plaintiff describes in the hostile work environment section of his Response would be relevant to and potentially admissible in connection with the race discrimination claim, Plaintiff does not assert a separate hostile work environment claim in the Amended Complaint, and Plaintiff's only causes of action are those set forth in the Amended Complaint – race discrimination, age discrimination, and retaliation.

## I. APPLICABLE LEGAL STANDARDS

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P.56(c). The moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets this initial burden, the nonmovant is required to set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e). "For the purposes of a summary judgment determination, all fact questions are viewed in the light most favorable to the nonmovant." *Aucoin v. Haney*, 306 F.3d 268, 271 (5th Cir. 2002).

### B. Standards for Discrimination and Retaliation Claims

To establish a *prima facie* case of intentional age or race discrimination Plaintiff must show: (1) he is a member of a protected group; (2) he was qualified for the position he held; (3) he was discharged or suffered some other adverse employment action; and (4) he was replaced with a person outside of the protected class, or the adverse employment action was due to plaintiff's membership in the protected class.

*Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000) (age discrimination); *Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir. 1997) (race discrimination). To establish a *prima facie* case of retaliation, the plaintiff must show (1) that he engaged in activity protected by Title VII; (2) that he suffered an adverse employment action; and (3) that there was a causal connection between the protected activity and the adverse employment action. *See Byers v. Dallas Morning New, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000).

"If established, a *prima facie* case raises an inference of discrimination, and the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its adverse decision." *Patel v. Midland Memorial Hosp. & Med. Center*, 298 F.3d 333, 342 (5th Cir. 2002). "If the defendant presents such a reason, then the inference disappears, and the plaintiff must offer evidence that the proffered reason is a pretext for . . . discrimination." *Id.*; *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000). "[O]nce the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the

employer is in the best position to put forth the actual reason for its decision." *Russell*, 235 F.3d at 223 (citing *Reeves*, 530 U.S. at 147); *Laxton*, 333 F.3d at 578 (same). "The ultimate determination, in every case, is whether, viewing all of the evidence in a light most favorable to the plaintiff, a reasonable fact finder could infer discrimination." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).

## II. ANALYSIS

Plaintiff in this case clearly establishes a *prima facie* case of discrimination and retaliation. He is a 58-year-old African American male and, as a result, is within the protected race and age groups.

Plaintiff was employed as a civilian employee for the United States Department of the Navy and, in September 1998, was appointed to the position of Club Manager, Food and Beverage Division, for the Staff Noncommissioned Officer's Club ("SNCO Club") at a Marine Corps Air Station in Japan.[2] Although he was given a notice of termination in November 1998 and again in March 1999, Plaintiff has presented extensive evidence that he was not only qualified for the position, but that his

---

[2] The evidence is uncontradicted that Plaintiff was appointed to his position on the recommendation of a former co-worker. Plaintiff did not interview in person with any of the recommending or selecting officials. As a result, there is no evidence that any person involved in Plaintiff's appointment as manager of the SNCO Club knew his race or age at the time he was appointed.

performance was outstanding. A patron of the SNCO Club wrote an official statement commenting on the improvements to the SNCO Club since Plaintiff became the manager, stating specifically that "this is the best that I have seen the SNCO Club" and that Plaintiff "has made a remarkable improvement in the club." *See* Hobbs Statement dated December 8, 1998, Exh. 1 to Plaintiff's Response, p. 28. In March 1999, having learned that Plaintiff's employment as manager of the SNCO Club was going to be terminated, a representative of the SNCO Advisory Board wrote to the Command Officer that almost immediately after Plaintiff took over as manager, "the Club started to improve." *See* Morgan Memo, Exh. 1 to Plaintiff's Response, p. 30. After describing the many improvements he had observed since Plaintiff became the manager, Morgan questioned "why is a man who has turned the Staff NCO Club around and back to being a money making operation being fired/terminated?" *Id.* at 31.

It is undisputed that in November 30, 1998, Plaintiff was given a notice of termination to which he filed a rebuttal asserting that the termination was discriminatory. On December 7, 1998, filed an informal Equal Employment Opportunity ("EEO") complaint alleging race and age discrimination. This constitutes protected activity under Title VII.

It is undisputed that Plaintiff's employment was terminated effective April 2, 1999. Defendant has asserted that Plaintiff was discharged because his performance on the job was unsatisfactory.

Plaintiff has presented extensive evidence to raise a genuine issue of material fact that his discharge was both discriminatory and retaliatory, and that Defendant's claim that his job performance was unsatisfactory is a pretext for discrimination and retaliation. Joe Brandt, an upper level supervisor and a Caucasian male, was not in Japan when Plaintiff reported to work. Plaintiff has presented evidence that, upon returning to Japan, Brandt questioned whether Plaintiff was black or white and, when being informed that Plaintiff is black, seemed "befuddled." *See* Deposition of Jim Brown ("Brown Depo."), Exh. 4 to Response, p. 7. Plaintiff has also presented evidence that Carmen Rios, Plaintiff's immediate supervisor, mentioned specifically that Brandt did not know Plaintiff was black until he reported for work in Japan. *See* Deposition of Jennings Lloyd ("Lloyd Depo."), Exh. 5 to Response, p. 6.

On October 2, 1998, less than a month after Plaintiff reported to work, Rios issued to Plaintiff a notice of suspension without pay which gave no explanation other than it had "been determined that your retention might be detrimental to the interests of the Morale, Welfare and Recreation." *See* Notice of Suspension Without Pay Pending Action, Exh. 1 to Response, p. 255. It is undisputed, however, that Rios

claimed a customer had made a sexual harassment complaint against Plaintiff. On October 5, 1998, Plaintiff responded to the October 2 Notice. *See* Sanders' Memo dated October 5, 1998, Exh. 1 to Response, p. 256. Plaintiff has presented evidence that the customer in question denied complaining of sexual harassment. Indeed, Plaintiff testified that the customer told him that Rios was trying to file some charges against him and that the customer would not "put up with that" because Plaintiff had "never done anything" to her. *See* Plaintiff's Deposition, Exh. 2 to Plaintiff's Response, pp. 27-28. On October 7, 1998, the suspension without pay was withdrawn. Plaintiff has presented evidence that on October 14, 1998, Rios stated "I have had it with that nigger Joe Sanders." *See* Affidavit of Jim Brown, Exh. 1 to Plaintiff's Response, p. 150; *see also* Brown Depo. at 11.

On October 28, 1998, Rios issued a written "Unsatisfactory Work Performance" memo to Plaintiff, placing Plaintiff on a thirty-day trial period. *See* Unsatisfactory Work Performance Memo, Exh. 1 to Plaintiff's Response, pp. 258-59. Rios claimed that Plaintiff was not meeting the performance requirements of his job in part because "Customer service is unsatisfactory – slow service by waitstaff" and "Poor quality of food – lunch buffet." *Id.* at 258. As is noted above, however, Plaintiff has presented evidence that customer service and food quality improved dramatically after he became manager of the SNCO Club. *See* Exh. 1 to Plaintiff's Response, at 27 ("the service and

quality of the buffet line is superb"); 28 ("services of the waitresses are very prompt [and] food is well prepared and very tasty, especially the buffet line"); 29 ("the addition of the lunch bar provides a much needed variety and quality in lunchtime dining"); 30 ("the quality of the food was greatly improved").

On November 30, 1998, Sanders was issued a "Notice of Termination of Employment." That same day, Plaintiff wrote a Letter of Rebuttal for Notice of Termination of Employment stating that the notice of termination was "based on grounds of race and age discrimination." *See* Letter, Exh. 1 to Plaintiff's Response, at 262. On December 7, 1998, Plaintiff filed an informal EEO complaint claiming discrimination on the basis of race and age. On December 8, 1998, the Notice of Termination of Employment was withdrawn, and on December 10, 1998, Plaintiff withdrew his EEO complaint.

On March 3, 1999, Plaintiff received a Notice of Termination of Employment and Plaintiff submitted his written rebuttal on March 8, 1999. On March 9, 1999, Plaintiff contacted an EEO counselor and alleged race and age discrimination. Plaintiff's termination became effective on April 2, 1999.

Plaintiff has presented evidence to establish a *prima facie* case of discrimination and retaliation. Moreover, Plaintiff has presented evidence that raises a genuine issue of material fact that Defendant's explanations for its actions regarding Plaintiff,

including the decision to terminate his employment, were false and pretextual. Plaintiff's evidence indicates that the allegation that a customer had filed a sexual harassment complaint against him was false.  Plaintiff's evidence raises a fact question regarding the accuracy of the allegation that Plaintiff's performance was unsatisfactory. Plaintiff also has presented evidence that supervisors Rios and Brandt were displeased about Plaintiff's race and that Rios, Plaintiff's immediate supervisor, made a remark that was both racially discriminatory and hostile.  Plaintiff's evidence clearly raises a genuine issue of material fact regarding his discrimination and retaliation claims.

### III.   CONCLUSION AND ORDER

Plaintiff has presented evidence which raises a genuine issue of material fact in support of his discrimination and retaliation claims.  Plaintiff's evidence also raises a genuine issue of material fact regarding whether Defendant's proffered reason for terminating Plaintiff's employment was a pretext for discrimination and retaliation. Accordingly, it is hereby

**ORDERED** that Defendant's Motion [Doc. # 23] is **DENIED**.  The parties are reminded that mediation is required in this case and must be completed prior to the October 28, 2005 docket call.

SIGNED at Houston, Texas, this **27th** day of **July, 2005**.

_____
Nancy F. Atlas
United States District Judge