IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE L. SANDERS, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-04-881 | |
| § | | |
| HANSFORD T. JOHNSON, Secretary § | | |
| of the Navy, § | | |
|    Defendant. § | | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on Defendant Hansford T. Johnson, Secretary of the Navy's Motion for Change of Venue pursuant to 28 U.S.C. § 1406 [Doc. # 31], to which Plaintiff Joe L. Sanders has filed an Opposition [Doc. # 32]. Based on its review of the briefing, the full record in this case, and the applicable legal authorities, the Court concludes that Defendant's challenge to venue in this federal district has been waived and is untimely. As a result, the Motion for Change of Venue is **denied**.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

The factual background of this case was set forth fully in the Court's Memorandum and Order entered July 27, 2005 [Doc. # 28] and will not be repeated here. Briefly, Plaintiff is a 58-year-old African-American male who was employed as a civilian employee for the United States Department of the Navy. Plaintiff was

appointed as the Club Manager, Food and Beverage Division, for a Staff Noncommissioned Officer's Club in Japan. Plaintiff's employment was later terminated, and Plaintiff alleges that the termination was discriminatory and in retaliation for engaging in activities protected under Title VII.

Plaintiff filed this lawsuit on March 4, 2004. Counsel was appointed to represent Plaintiff in June 2004, and appointed counsel filed an Amended Complaint [Doc. # 8] later that month. Defendant filed his Answer [Doc. # 9] on August 25, 2004. Pursuant to the Docket Control Order [Doc. # 13] entered September 14, 2004, the deadline for filing any dispositive or non-dispositive motion was July 1, 2005.

## II. ANALYSIS

An employment discrimination action against a federal employer may be brought in the judicial district (1) where the unlawful employment practice is alleged to have occurred; (2) where the relevant employment records are maintained; or (3) where the aggrieved employee would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). The case may also be brought in the judicial district where the Defendant has his principal office. *Id.* In this case, the unlawful employment practice occurred in Japan, which is also the place where Plaintiff would have worked but for his allegedly unlawful termination. The relevant

employment records are maintained in the Eastern District of Virginia, where Defendant's principal office is located.

Initially, the Court notes that a defendant waives the defense of improper venue if he fails to raise it in a motion to dismiss under Rule 12(b) or in his answer.[1] *See* FED. R. CIV. P. 12(h)(1); *Matter of 5300 Memorial Investors, Ltd.*, 973 F.2d 1160, 1163 (5th Cir. 1992) (holding that improper venue is waived if there is no timely objection). Additionally, improper venue does not "impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." *See* 28 U.S.C. § 1406(b).

In this case, Defendant failed to assert improper venue in his Answer filed in August 2004. Although Defendant summarily denied the "jurisdictional statement" allegations in paragraph 3 of Plaintiff's Amended Complaint, Plaintiff did not allege venue in paragraph 3. Because Defendant neither filed a Rule 12(b) motion challenging venue in this District nor challenged venue in his Answer, his defense of improper venue is waived.

---

[1] Defendant moves to transfer this case only pursuant to 28 U.S.C. § 1406(a) for improper venue. A motion to transfer pursuant to 28 U.S.C. § 1404(a) is not waived if not raised in the initial Rule 12 motion or answer, but Defendant has neither moved for transfer under § 1404(a) nor provided evidence that the convenience of the parties and witnesses and the interests of justice favor transfer.

Furthermore, Defendant's motion to transfer the case to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1406(a) is untimely under the Court's Docket Control Order. Any dispositive or non-dispositive motion was due by July 1, 2005. Defendant did not file this motion until September 15, 2005, well beyond the deadline that had been in effect since September 2004. As a result, the Motion is untimely.

To the extent the Court could in its discretion accept Defendant's untimely motion under § 1406 or could treat the motion as one to transfer venue under § 1404, the Court declines to do so. The July 1, 2005 motions deadline has been in effect since September 2004. Defendant's motion for summary judgment has been denied, and the case is scheduled for docket call on October 28, 2005, and trial will be set to begin soon thereafter if no settlement occurs.[2] This Court has a working knowledge of this case, and a transfer at this stage would be a waste of judicial resources. Last, Plaintiff's counsel is handling this case *pro bono*. It is unclear whether Plaintiff could obtain new counsel in the proposed transferee district. Even if new counsel were obtained, a transfer would result in unfair delay of trial. The Court finds that Defendant's Motion for Change of Venue is not only untimely under the Docket Control Order, but is simply too late in the litigation process.

---

[2] The parties are scheduled to engage in mediation on September 29, 2005.

## III. CONCLUSION AND ORDER

Defendant waived his challenge to venue in this federal district by failing to raise it in his Answer or in a Rule 12(b) motion. Moreover, the Motion for Change of Venue is untimely and comes on the eve of mediation and shortly before trial. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Change of Venue [Doc. # 31] is **DENIED**.

SIGNED at Houston, Texas on the **26th** day of **September, 2005**.

Nancy F. Atlas
United States District Judge